# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

  Plaintiff,

v.

JOSEPH TOPACIO,

  Defendant.

Case No. 2:06-CR-00297-KJD-PAL

**ORDER**

  Currently before the Court is Defendant's Motion to Vacate (#48) under 28 U.S.C. § 2255. On July 10, 2007, Defendant pled guilty to Count 3 of his underlying Superseding Indictment for manufacturing methamphetamine in violation of U.S.C. § 841(a)(1), (b)(1)(A)(viii).  (See #44).  On October 10, 2007, the Court entered Judgment against the Defendant and sentenced him to a period of 120 months imprisonment and 5 years of supervised release.

**I. Background**

  Defendant's instant Motion seeks that the Court set aside or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel.  Specifically, Defendant avers that his counsel did not and would not object to the reference of a gun in Defendant's Presentence Investigation Report ("PSI"), that counsel told Defendant he was eligible for a reduction in his base offense level under the "safety valve" provision of the sentencing guidelines, and that Defendant did

not have time to read his plea agreement prior to pleading guilty.  Defendant additionally avers that his counsel "spoke on behalf of the prosecutor and told the Court [he] should be inhanced [sic] and . . . that [he] should not get any downward departures." (#48 at 7.)  Defendant additionally avers that "I tried to speak on my own behalf and my lawyer told the Judge not to listen to me," and that "my lawyer would not present my character letters from family," or respond to letters sent to him.  (Id.)  Defendant also avers that his lawyer told him he would get "the low end of level 29 (87 months) plus safety valve plus downward departures," and that the "Plea Agreement said 32 minus 3 for acceptance" totaling a total offense level of 29.   (Id.)

Upon review of the entire record in this case, the Court finds that Defendant's allegations are unsubstantiated and incorrect, and do not merit relief under 28 U.S.C. § 2255.

## II. Legal Standard

Where, as here, a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can first demonstrate either "cause" and actual "prejudice."  See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167 (1982).  A § 2255 movant can ordinarily establish "cause" by demonstrating that counsel rendered ineffective assistance.  See Coleman v. Thompson, 501 U.S. 722, 753–54 (1991).  However, attorney error short of constitutional ineffectiveness does not constitute "cause" notwithstanding that the error was due to ignorance, inadvertence or deliberate strategy.  See id. at 752.

The familiar two-pronged test defined in Strickland v. Washington, 466 U.S. 668 (1984), controls claims asserting ineffective assistance of counsel.  Under the first prong, the § 2255 movant must demonstrate that counsel's conduct was constitutionally deficient in that it fell below an objective standard of reasonableness.  See id. at 688.  In evaluating counsel's performance, courts must not engage in the distorting analysis of hindsight; rather, they must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors.

See id. at 690.  Furthermore, because counsel's competence is presumed, to satisfy this prong, a movant must rebut this presumption by proving that his counsel's representation was unreasonable under prevailing professional norms.  See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986).  To satisfy the second prong, the movant must demonstrate that counsel's deficient performance prejudiced him.  See Strickland, 466 U.S. at 687.  Typically, the movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  See id. at 694.  The burden is undoubtedly on the movant and unless he proves both prongs, his claims fail.  See id. at 687.

Here, the Court finds Defendant's allegations are unsubstantiated by the record.  As stated above, Defendant avers that his counsel did not and would not object to the reference of a gun in Defendant's PSI.  This issue was raised by the Defendant and addressed directly by the Court at Defendant's Sentencing Hearing on October 10, 2007.  At sentencing, upon Defendant raising a question about the reference of a gun in his PSI, the Defendant admitted having being informed by the Court at his Change of Plea Hearing, that in imposing a sentence, the Court would be able to consider any relevant conduct, including uncharged conduct and criminal history.  The Court then addressed the discrepancy between the sentence anticipated in Defendant's Plea Agreement, and the sentence recommended in the PSI (210 months) by Pretrial Services taking into count relevant conduct.  The Court explained to Defendant that the PSI recommended that his offense level be raised two points for possession of a firearm in connection with the offense and an additional six points for endangering the life of a minor for manufacturing methamphetamine in a residence wherein children resided.  The Court also explained to Defendant why the safety valve provision was not applied as a result of said conduct.  Defendant's counsel confirmed that he had discussed the non-application of the safety valve provision with Defendant, and confirmed his understanding that the provision was inapplicable due to the gun found in Defendant's storage unit at the time of his arrest.

The Court questioned the Government regarding the possibility of seeking an upward departure related to the gun possession and child endangerment enhancements recommended in the PSI. The Government did not wish to seek the eight-level upward enhancement, but instead asked the Court to follow the plea agreement which imposed a ten year mandatory minimum, without eligibility of the safety valve provision. The Court then questioned Defendant if he understood that his plea agreement stated that Defendant was not eligible for the safety valve provision. Defendant responded affirmatively.

Moreover, during the plea colloquy the Court thoroughly canvassed Defendant whether he was in agreement with what his counsel had stated regarding the underlying plea negotiations. Plaintiff answered affirmatively. The Court then sentenced Defendant based upon a total offense level of 29 and a Criminal History Category of I, supplanted by the sentencing minimum of ten years.

Defendant's instant arguments that his counsel told the Judge not to listen to him, and that his counsel spoke on behalf of the prosecutor is belied by the transcript of sentencing which indicates that the Court thoroughly canvassed Defendant about his understanding of the Plea Memoradum and negotiations, the PSI, and the recommended sentencing range.   The Defendant was additionally given the opportunity to address the Court prior to sentencing.

Moreover, in view of Defendant's 120 month sentence, even a general "mistake" as to the length of sentence estimated for Defendant would not constitute a "gross mischaracterization" within the meaning of the Ninth Circuit precedent.  See, e.g., United States v. Iaea, 800 F.2d 861, 864–65 (9th Cir. 1986) (possible to establish ineffectiveness and prejudice in connection with attorney's pretrial assessment of sentencing exposure only where estimate constitutes gross mischaracterization of likely outcome); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (finding no "gross mischaracterization" where defendant receives sentence 36-months higher than attorney had estimated).  Thus, Defendant cannot show that he sustained "prejudice" as a result of anything his attorney did or did not tell him at sentencing.

4

1

**III. Conclusion**

2

      Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or

3

Correct Sentence under 28 U.S.C. § 2255, (#48) is **DENIED**.

4

      DATED this 31st day of January 2011.

5

6

7

Kent J. Dawson
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26